UNITED STATES DISTRICT COURTS
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22669-CIV-KING/GARBER

TRANSVALUE, INC., a Florida corporation,

    Plaintiff,

v.

KLM ROYAL DUTCH AIRLINES,

    Defendant.

_____/

**<u>FINAL ORDER OF DISMISSAL WITH PREJUDICE</u>**

THIS CAUSE comes before the Court upon Defendant KLM Dutch Airlines's Motion to Dismiss (D.E. #3), mis-styled on the docket as "KLM's Answer to Complaint", filed December 5, 2007. Plaintiff filed its Response (D.E. #5) on filed December 28, 2007, and Defendant's Reply (D.E. #7) was filed January 10, 2008.

<u>Procedural History</u>

Plaintiff's Complaint, filed October 10, 2007, is an action for breach of contract for carriage, breach of special transport promise resulting in material/fundamental deviation, and willful misconduct. Defendant responded by filing a Motion to Dismiss, arguing that this Court lacks subject matter jurisdiction pursuant to the Montreal Convention. On March 12, 2008, the Court heard oral argument on the above-styled

1

motion.

## Factual Background

Plaintiff Transvalue, Inc., is a Florida corporation in the business of shipping valuable cargo.

Defendant KLM Royal Dutch Airlines, a citizen of the Kingdom of the Netherlands, is engaged in the business as an air carrier in international commerce and carries on business offering cargo, passenger, engineering, and maintenance services to its customers.

On or about July 30, 2007, Plaintiff Transvalue entered into a contract with Defendant KLM to transport 1,487 kilograms of gold bullion from Mexico City to Zurich Switzerland pursuant to KLM air waybill 074-1516-6852, to be picked up by consignee Argor of Mendrisio, Switzerland. According to the Complaint and the attached KLM air waybill 074-1516-6852, issued in Mexico, the shipment of gold bullion was transported from Mexico City, Mexico to Zurich, Switzerland, via Amsterdam, the Netherlands.

Transvalue's Complaint alleges that 2 of the 54 sealed boxes of gold bullion were missing upon the shipment's arrival in Switzerland. Transvalue alleges that KLM engaged in willful misconduct by breaking its security protocol and opening the sealed container with the 54 boxes of gold bullion before receipt of the gold by the consignee. Transvalue is seeking $1,079.698.04 in money damages for KLM's alleged breach of contract for carriage, breach of a "special transport promise resulting in

material/fundamental deviation," and willful misconduct.

Defendant's Motion to Dismiss argues that this action is governed by the Convention for International Carriage by Air[1], an international treaty also known as the Montreal Convention, because the contract for transportation (the air waybill) provided for international transportation by air, and therefore the Court lacks subject matter treaty jurisdiction and the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

Plaintiff, in its "Response to Defendant's Motion to Dismiss" (D.E. #5), concedes that this action is governed by the Montreal Convention, but argues that the United States is "where KLM has a place of business through which the contract is made," and therefore this Court has subject matter jurisdiction.

Discussion

The parties agree that the Montreal Convention controls the international transport of the gold bouillon referenced above. The issue presented to the Court is whether the United States is a proper forum to bring this cause of action based on the four permissible fora enumerated in the Montreal Convention.

Article 33(1) of the Montreal Convention provides that "an action for damages under the Convention must be brought, at the plaintiff's option, in the territory of one of the States Party to the Convention before a court of:

(1) the carrier's domicile,

---

[1] S. Treaty Doc. No. 106-45, 1999 WL 33292734

>    (2) the carrier's principal place of business,
>
>    (3) the carrier's place of business through which the contract was made, or
>
>    (4) the place of destination."[2]

Plaintiff concedes that KLM's domicile and principal place of business are the Kingdom of the Netherlands. Plaintiff further concedes that the place of destination of the lost cargo was Switzerland. Plaintiffs contend, however, that the United States is a place of business through which the contract of transportation was made. Plaintiff argues that while the air waybill was issued in Mexico, there were communications regarding said air waybill between the parties, including between party employees in the United States. Specifically, Plaintiff states that there were communications between its Miami, Florida, office and an employee of Defendant located in KLM's New York office. Consequently, Plaintiff concludes that the United States is a place of business through which part of the contract of transportation was made.

Article 11, ¶ 1 of the Convention states that "the air waybill or the cargo receipt are prima facie evidence of the contract for carriage[3]," and the "carrier's place of business through which the contract was made" has generally been interpreted to mean the place where the air waybill was issued. *See Buenavista Esmeralda Co. v. Aerovias Nacionales de Colombia,* 951 F.2d 358 (9th Cir. 1991), citing *Smith v. Canadian Pacific Airways,*

---

[2] S. *Id.* at Chapter III, Article 33(1)

[3] *Id.* at Chapter III, Article 11

*Ltd.,* 452 F.2d 798 (2nd Cir. 1991); *see also Stud v. Trans Intern. Airlines,* 727 F.2d 880, 882 (9th Cir. 1984).

Plaintiff argues that " where a carrier maintains an office through which the contract is handled, despite the issuance of the ticket/airway elsewhere, the office where the contract is handled will satisfy as a place through which the contract is made."(citing *Eck v. United Arab Airlines, Inc.,* 360 F.2d 804 (2nd Cir. 1996) (see Response at 5, ¶3). In *Eck,* the court simply held that jurisdiction was appropriate over a claim involving a passenger who purchased a ticket in the United States from an authorized agent of a foreign carrier. That decision does not address jurisdiction over a claim involving air waybills issued in a foreign country. However, even if *Eck* addressed similar facts to this case, the electronic communications from Plaintiff's office in Miami, Florida to a representative out of Defendant's New York office (and vice versa) were sent <u>after</u> the air waybill was issued, and involved communications regarding the flights on which the cargo was scheduled to depart, along with e-mails after cargo was allegedly lost.

In this case, the air waybill for the lost cargo was issued in Mexico City, Mexico. The air waybill clearly states that the containers, "said to contain gold bullion," were to be shipped on KLM from Mexico City to Zurich, Switzerland, by way of Amsterdam, Netherlands. (See Complaint, Exhibit A). The fact that a KLM employee in New York may have communicated with Transvalue's Miami, Florida, office does not translate to the United States being a place where the carrier had a "place of business through which

the contract was made."

## Conclusion

The United States of America is not a location where Defendant-carrier KLM maintains a place business through which a contract of carriage between KLM and the plaintiff was made. Because none of the places specified in Article 33 of the Montreal Convention is located in the United States, this Court does not have subject matter jurisdiction over the above-styled action and Defendant's Motion to Dismiss should be granted.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss **(D.E. #3)** be, and the same is hereby **GRANTED.** The above-styled action is **DISMISSED WITH PREJUDICE.** The Clerk of Court shall CLOSE this case. All pending motions are DENIED as MOOT.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 14th day of March, 2008.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **_Counsel for Plaintiff_**
Michael T. Moore
Moore & Company
355 Alhambra Circle
Suite 1100
Coral Gables, FL 33114

Scott Andrew Wagner
Moore & Company
355 Alhambra Circle
Suite 1100
Coral Gables, FL 33114

**_Counsel for Defendant_**
Robert C. Owens
18890 SW 264th Street
Homestead, FL 33031

Bartholomew J. Banino
Condon & Forsyth
7 Times Square
18th Floor
New York, NY 10036

Stephen J. Fearon
Condon & Forsyth
7 Times Square
18th Floor
New York, NY 10036